STEPHEN M. LESTER, plaintiff in error, *vs.* BROWN & CARMICHAEL, defendants in error.

The form of judgment prescribed where no issuable defense on oath is filed, is merely directory, and the omission of the words "on oath" from the recitals therein does not invalidate the judgment.

Judgments. Pleadings. Before Judge CLARK. Sumter Superior Court. April Term, 1876.

JOHN R. WORRILL; J. A. ANSLEY; ALLEN FORT, for plaintiff in error.

W. A. HAWKINS; N. A. SMITH; B. P. HOLLIS, for defendants.

WARNER, Chief Justice.

This was a motion to set aside a judgment in the court below, on the ground that it appears on the face of the judgment that it was not rendered according to law. The other grounds taken in the motion not being supported by any evidence, as certified by the presiding judge, were not insisted on here. The judgment sought to be set aside, after stating the names of the parties, recites that the defendant having been personally served with the declaration and process in the case and the defendant having filed no issuable plea therein, it is considered and adjudged by the court that the plaintiffs have judgment, and that they recover of the defendant the sum of $902 50 for their principal damages, with interest and costs, etc., in the usual form, and signed by the presiding judge. The court overruled the motion to set aside the judgment, and the defendant excepted.

It was insisted on the argument that the judgment was illegal and void, because it did not recite that the defendant had not filed an issuable defense *on oath.* The superior court is a court of general jurisdiction, and had the legal power and authority to render the judgment in question when there was no issuable defense filed on oath. The record of the case in which the judgment was rendered shows upon its face that no issuable defense was filed on oath by the defendant, and the record is the highest and best evidence of that fact, and must control the question, whatever may be the recitals in the judgment. The form prescribed for entering judgments in such cases is merely directory, and a departure therefrom would not render the judgment void; the most that could be claimed would be that the judgment was irregular, and subject to be amended as to the form of it, but it is not void, and there was no error in overruling the motion to set it aside. If the thousands of dollars that have been spent by the people of this state, since the war, in unnecessary and useless litigation, had been applied to the payment of their honest debts, or invested in substantial improvements, the

country would have been in a much better condition than it is now. Excessive and factious litigation will be found to be an expensive luxury to·those who choose to indulge in it.

Let the judgment of the court below be affirmed.